RECEIVED JAN 1 4 2016 JUDGE ROBERT W. GETTLEMAN UNITED STATES DISTRICT COURT

FILED JAN 1 5 2015 Judge Robert W. Gettleman United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 14 CR 333 —1 |
| vs. | ) | Judge Robert W. Gettleman |
| | ) | |
| MARC DAVIS | ) | |

### DEFENDANT'S PLEA DECLARATION

1. The defendant, MARC DAVIS, after consultation with his attorney, Beau B. Brindley, acknowledges and states the following:

### CHARGES IN THIS CASE

2. The indictment in this case charges defendant with one count of conspiracy to possess with intent to distribute and to distribute heroin, in violation of Title 21, United States Code, Section 846 (Count One) and two counts of distribution of a quantity of heroin, in violation of Title 21, United States Code, Section 841(a)(1) (Counts Two and Four).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

5. Count One, which charges defendant with conspiracy to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846. The government has indicated that it will dismiss

1

~~the other counts at the time of sentencing on this matter.~~ 

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

Beginning no later than in or about March 2014, and continuing until on or about June 12, 2014, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, MARC DAVIS ("DAVIS"), did conspire with Queenie Vargas, to knowingly and intentionally possess with intent to distribute and distribute a controlled substance, namely, a quantity of mixture and substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

More specifically, from at least in or around March 2014 and continuing until on or about June 12, 2014, DAVIS sold heroin with Queenie Vargas.

For example, on or about April 1, 2014, DAVIS sold Vargas a detectable amount of heroin to deliver to her customers.

Additionally, on or about May 13, 2014, DAVIS sold Vargas a detectable amount of heroin. On that day, DAVIS and Vargas engaged in a series of telephone calls during which DAVIS confirmed that Vargas needed a supply of heroin and that DAVIS would meet Vargas in order to provide her with the heroin. Later that same day, at approximately 8:56 p.m., DAVIS met with Vargas in the area of 4421 N. Keeler Avenue. DAVIS got into Vargas's vehicle and, while inside, provided her with heroin, then got out and returned to his vehicle. Vargas's vehicle departed the area of 4421 N. Keeler Ave., with DAVIS following behind her in his vehicle. Minutes later, at

2

approximately 9:06 p.m., Chicago Police Department ("CPD") officers conducted a traffic stop of Vargas's vehicle. Following the traffic stop of Vargas's vehicle, DAVIS immediately got onto Interstate 90 and traveled eastbound away from the area. DAVIS acknowledges that during the stop of Vargas's vehicle, CPD recovered the approximately 100 grams of heroin.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

   a. A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $1,000,000. Defendant further understands that the judge also must impose a term of supervised release of at least three years and up to any number of years, including life.

   b. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. The defendant's position on the Sentencing Guidelines is as follows:

   a. Applicable Guidelines. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect,

3

results in an anticipated advisory sentencing guidelines range of 24-30 months of imprisonment, in addition to any supervised release and fine the Court may impose.

      e.      Defendant and his attorney acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which he is not entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government or the defense to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of defendant's plea is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

### Waiver of Rights

10.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:

      a.      Trial rights. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

           i.      The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

           ii.     If the trial is a jury trial, the jury would be composed of twelve

citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

    iii.  If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross- examine them.

    vi.  At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his

refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  c.  Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

### Limitations and Consequences of this Plea Declaration

11. Defendant understands that the United States Attorney's Office will fully apprize the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Defendant further understands that he will be able to present evidence in mitigation at the time of sentencing.

12. Defendant understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Defendant understands that the applicable sentencing guideline range is one factor, which this Court is required to take into consideration under 18 U.S.C. §3553(a)(4), along with the other required factors under §3553(a).

13. Should this Court refuse to accept Defendant's plea of guilty, this Plea Declaration shall become null and void and the defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.

14. ~~Mr. Davis understands that the parties are continuing to consult and negotiate regarding a possible sentencing agreement that could potentially result in the dismissal of the §851~~

~~notice in this case, which puts in place the statutory minimum sentence of 20 years. He further understands that such an agreement may supersede this plea declaration and alter the positions taken with respect to the applicable sentencing range that~~ he faces in this case.

15. Defendant understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court regarding what they believe to be lawful and appropriate sentences. Defendant understands that the government is not in agreement with his Guideline calculations listed above and will likely argue that a higher Guidelines range applies to his sentence.

16. Defendant agrees that this Plea Declaration shall be filed and become part of the record of the case.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Defendant further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney and that he is entering this guilty plea of his own free will.

Signed this date: 1/15/16

_____  _____
MARC DAVIS  BEAU B BRINDLEY
Defendant  Attorney for Mr. Davis

Respectfully submitted,

S/Beau B. Brindley
Attorney for defendant
Marc Davis

Law Offices of Beau B. Brindley
53 West Jackson Boulevard
Suite 1410
Chicago, Illinois 60604
(312) 765-8878
(312) 276-8040 (Fax)