UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 14 CR 333 |
| vs. | ) | Judge Robert W. Gettleman |
| | ) | |
| MARC DAVIS | ) | |

## **DEFENDANT'S SENTENCING MEMORANDUM AND OBJECTIONS TO PSIR**

Now comes defendant Marc Davis, by and through his attorney, Beau B Brindley and presents the following sentencing memorandum and objections to the PSIR issued in his case:

## **OBJECTIONS TO PSIR**

As indicated in his written plea declaration, Mr. Davis contends that the appropriate base offense level is 20, pursuant to Guideline §§ 2D1.1(a)(5) and 2D1.1(c)(9), because the amount of mixtures containing heroin involved in the offense of conviction for which he is accountable was more than 60 grams of heroin but less than 80 grams of heroin. The PSIR assigns a base offense level of 24, finding between 100 and 400 grams of heroin. Mr. Davis contends that the government cannot possibly establish that he is responsible for this amount by a preponderance of reliable evidence. The figure in the PSIR appears to be derived solely form statements allegedly made by co-defendant Queenie Vargas. Unless Ms. Vargas testifies at an evidentiary hearing and is subjected to cross examination, the court should not rely upon her statements in determining Mr. Davis's drug quantity. Guideline calculations must be based on evidence that is reliable *United States v. Pigee*, 197 F.3d 879, 889 (7th Cir. 1999). There is no way for the government to establish the reliability of Vargas's claims without presenting her to the Court for evaluation.

After a three-level reduction for acceptance of responsibility and no further enhancements, the total offense offense level is 17, which, when combined with the anticipated criminal history

1

category of I, results in an advisory sentencing guidelines range of 24-30 months of imprisonment

**SENTENCING MEMORANDUM**

**I.  DISTRICT COURTS HAVE BROAD DISCRETION TO DEVIATE FROM THE GUIDELINES FOR THE PURPOSE OF IMPOSING A FAIR AND JUST SENTENCE.**

When determining the appropriate sentence for an individual defendant, a sentencing court should impose the shortest possible sentence that (A) reflects "the seriousness of the offense, promote[s] respect for the law, and provide[s] just punishment for the offense;" (B) deters future criminal conduct; (C) protects the public from the defendant and (D) provides the defendant with the "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553. When determining whether a given sentence is sufficient to effectuate these purposes, district courts are directed to consider:

1. "the nature and circumstances of the offense and the history and characteristics of the defendant;" 18 U.S.C. § 3553(a).

2. "the kinds of sentences available;" 18 U.S.C. § 3553(a).

3. the defendant's Guideline range;

4. any relevant policy statements;

5. "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" 18 U.S.C. § 3553(a)

6. "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

A defendant's guideline range is advisory. *United States v. Booker,* 543 U.S. 220, 244

2

(2005). Under *Booker* and its progeny sentencing courts may not treat the applicable guideline range as presumptively reasonable. *Nelson v. United States,* 129 S.Ct. 890, 891 (2009). Instead, the advisory guideline range must be weighed against the other factors listed in 18 U.S.C. § 3553(a). *Kimbrough v. United States,* 552 U.S. 85, 92 (2007). In the pursuit of a just sentence, district courts may devise policies and impose sentences that are at odds with the policies articulated by the Federal Sentencing Guidelines. *Spears v. United States,* 129 S. Ct. 840 (2009). Regardless of what the applicable guideline range suggests, § 3553 directs the district court to impose a sentence no longer than necessary to accomplish the purposes of punishment in 18 U.S.C. § 3553(a)(2). In this case, when all of the purposes of punishment are considered, a sentence of 22 months is sufficient.

**A.  Health**

Mr. Davis's time in prison has been and will be harder than what is experienced by most inmates. In November of 2014, Mr. Davis suffered a herniated disc in his back. PSIR at 16. This injury causes intermittent numbness from his neck down through his right arm and leg. His treatment while incarcerated has been delayed, causing him to live with the pain and numbness resulting from this injury. *Id*. Mr. Davis was prescribed a prescription pain medication by an outside physician in November of 2015, but the MCC refused to administer it. *Id.* This substandard medical treatment has caused Mr. Davis to suffer more than would the average defendant in his position. The court should take this added burden of incarceration into account when determining the appropriate sentence. Mr. Davis's condition and inadequate treatment militate in favor of a sentence below the applicable guidelines range. The time he has already spent in custody has been much more challenging than it is for the average defendant.

**B.     Balancing the 3553 Factors**

Section 3553 calls upon courts to recognize relevant differences among defendants, even defendants with the same base offense level or guideline range. In arriving at a final sentence, the Court should impose a sentence no longer than necessary to (A) reflect "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" (B) deter future criminal conduct; (C) protect the public from the defendant and (D) provide the defendant with the "needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553.

**1. Deterrence**

The Sentencing Commission has already demonstrated that individuals in Criminal History Category I, like Mr. Davis, are the least likely defendants to recidivate. See Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines, United States Sentencing Commission (2004) ("Measuring Recidivism") at 6 (13.8 percent of offenders in CHC I recidivate compared to 55.2 percent in CHC VI). Age is also a significant factor in recidivism. Mr. Davis is 47 years old. Defendants over the age of 40 in CHC I have a recidivism rate of only 6.9 percent. Measuring Recidivism at 28. It is also important to note that "[t]here is no apparent relationship between the sentencing guideline final offense level and recidivism risk." Id. at 13. Thus, in fashioning a sentence to deter, a sentence driven primarily by the offense level tends not to achieve this sentencing purpose. His years of legitimate work and law-abiding conduct demonstrate that a sentence greater than 24 months is not necessary to further the goal of deterrence.

Likewise, if a person who is considering participating in heroin distribution activity, knows that a sentence of at least 2 years will result, that potential offender will be deterred if they are at all

susceptible to deterrence. Hence, a sentence of 24 months is sufficient to further the interests of both specific and general deterrence.

   2.   **Incapacitation**

There is no evidence at all that Mr. Davis poses any risk of danger to the community. There is no indication of violence in his past or any reason to believe he poses any risk to anyone. And there is no evidence that a sentence greater than 22 months is necessary to further the goal of incapacitation.

   3.   **Rehabilitation**

Mr. Davis's past successful work history, his supportive family, and his willingness to honestly admit his conduct indicate that he is uniquely susceptible to rehabilitation. The available evidence provides no indication that a sentence greater than 22 months is necessary to further the goal of rehabilitation.

   4.   **Seriousness of the Offense and Respect for the Law**

Mr. Davis was involved with distribution of heroin, which is a very dangerous drug. The nature of heroin renders this a very serious offense with significant consequences to the many users that are affected by these controlled substances. However, the capacity of drug type and quantity to completely consume the sentencing process brings with it the danger of creating a disrespect for the law. Mr. Davis is not a cartel kingpin. He was an easily replaced cog in the wheel of drug trafficking. The idea that this readily replaceable cog in the drug trafficking wheel, who committed no acts of violence against anyone and admitted to his conduct, should automatically get a sentence greater than 2 years is unreasonable. Therefore, a sentence greater than 2 years does not further the

purposes of punishment set forth under §3553.

                               Respectfully submitted,

                               S/Beau B. Brindley
                               Attorney for defendant
                               Marc Davis

LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Boulevard
Suite 1410
Chicago, Illinois 60604
(312) 765-8878
(312) 276-8040 (Fax)